IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT SANDERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 22-cv-1573-NJR |
| | ) |
| **DEEDEE BROOKHART, C/O WILSON, C/O MARSHOFF, C/O FULLER, JOHN DOE #1 PLUMBER, C/O SHEWMAKE, JOHN DOE #2 PLUMBER, JOHN DOE #3 PLUMBER, JANE DOE WARDEN'S ASSISTANT, COUNSELOR WALTS,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Robert Sanders, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Lawrence Correctional Center. In the Complaint, Sanders alleges he was housed under unconstitutional conditions of confinement in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Sanders makes the following allegations: On September 7, 2020, while at Lawrence Correctional Center, Sanders was moved to Housing Unit 1 Wing B, cell Upper 10 (Doc. 1, p. 4). The cell had a strong odor and the walls were covered in urine and feces (*Id.*). Feces was also in the chuckhole, causing Sanders to refuse trays if delivered through the hole (*Id.* at p. 6). The previous inmate had thrown feces and urine throughout the cell (*Id.* at p. 4). The toilet had also been plugged up (*Id.*). Although his new cellmate attempted to obtain cleaning supplies, his requests were denied. They tried to clean the cell on their own, but the cell was so covered in feces it caused them to vomit due to the stench and conditions (*Id.* at p. 5).

Sanders asked correctional officer Wilson on numerous occasions about access to cleaning supplies and a work order for the toilet (*Id.* at pp. 4-5, 7-8, 9). Wilson denied his requests, stating that if he provided cleaning supplies to Sanders then the entire unit would want supplies (*Id.* at pp. 4-5, 7). Although Wilson informed Sanders that he would submit a work order, Sanders later learned that no work order was ever submitted (*Id.* at pp. 5, 13). Sanders later learned that Wilson told another inmate he would not provide cleaning supplies because Sanders wrote a grievance on the issue (*Id.* at p. 7). He later informed a supervisor that he thought Sanders's grievance would result in the issue being resolved by other officials (*Id.* at pp. 7-8). After the supervisor reviewed the cell, Wilson provided Sanders with five to ten paper towels and a bottle of water and bleach (*Id.* at

p. 8). Although Wilson indicated he would later provide proper cleaning supplies and a work order for the toilet, Wilson never provided the cleaning supplies (*Id.*).

Sanders also asked correctional officer Marshoff for cleaning supplies and for a work order for the toilet (*Id.* at p. 6). Marshoff refused to provide him with supplies and laughed about the condition of his cell (*Id.* at pp. 6-7). During the month of October, Sanders also spoke to three John Doe plumbers (John Doe #1, John Doe #2, and John Doe #3) on the unit, but they refused to offer any assistance in fixing the toilet. John Doe #1 informed Sanders that he was told not to bother with his cell (*Id.* at pp. 9-11).

On October 18, 2020, Sanders asked correctional officer Shewmake for cleaning supplies (*Id.* at p. 10). Shewmake asked for cleaning supplies and soap but was told that he was not allowed supplies because he was not the 5-day officer (*Id.*). He informed Sanders that he would put in a work order for the toilet—if he remembered. On October 26, 2020, he again asked Shewmake for cleaning supplies but he refused (*Id.* at p. 11). He also informed Shewmake that John Doe #3 refused his request to fix the toilet. Shewmake denied his request for assistance, stating that Sanders would need to make amends with Wilson (*Id.*).

On October 27, 2020, after starting and ending a hunger strike for the conditions in his cell, Sanders requested help from correctional officer Mitchell (*Id.* at p. 12). Mitchell contacted the plumber, and Sanders' toilet was finally fixed (*Id.* at p. 12).

Sanders submitted numerous emergency grievances, which were denied by warden DeeDee Brookhart (*Id.* at pp. 6, 9, 10). Sanders also alleges that Brookhart's designee was made aware of his conditions through the emergency grievances (*Id.*).

3

On December 10, 2020, Sanders was finally removed from the cell when his cellmate tested positive for Covid-19 and he was placed in quarantine. After quarantine, Sanders was placed in a different cell (*Id*. at p. 13).

## **Preliminary Dismissals**

Although Sanders identifies correctional officer Fuller and counselor Walts in the caption of his Complaint, he fails to include any allegations against them in his statement of claim. Thus, they are **DISMISSED without prejudice** for failure to state a claim.

To the extent that Sanders alleges Brookhart and her designee, Jane Doe #1, denied his emergency grievances, he also fails to state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

Finally, to the extent Sanders attempts to raise a conspiracy claim against all of the defendants, he fails to state a claim. At minimum, to present a claim for a conspiracy, a plaintiff must "demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (citation omitted). Sanders merely states that "it could be well inferred" Wilson, the plumbers, and Shewmake conspired because they turned a blind eye (Doc. 1, p. 13). He suggests Wilson told one of the plumbers not to bother with the

cell, but he offers no factual allegations suggesting that Wilson and the plumber talked or conspired (*Id*. at p. 9). Thus, he offers no allegations suggesting that there was a meeting of the minds and that the defendants sought to work towards a common objective.

## Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

    **Count 1:**    **Eighth Amendment deliberate indifference claim against Wilson, Marshoff, Shewmake, John Doe #1, John Doe #2, and John Doe #3 for housing Sanders in a cell covered in feces and without a working toilet.**

    **Count 2:**    **First Amendment retaliation claim against Wilson and Marshoff for denying him access to cleaning supplies in retaliation for Sanders writing grievances.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Count 1 shall proceed against Wilson, Marshoff, Shewmake, John Doe #1, John Doe #2, and John Doe #3. Count 2 shall also proceed against Wilson.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Count 2, however, is dismissed as to Marshoff as Wilson fails to offer factual allegations which suggest that Marshoff was aware of any grievances or acted in retaliation.

To help identify the John Doe plumbers, DeeDee Brookhart will remain in the case (in her official capacity only) in order to respond to discovery aimed at identifying the John Does.

## Pending Motions

As to Sanders's motion for counsel (Doc. 3), he states that he has some comprehension problems and had help drafting his Complaint. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel … cannot be gauged.").[2] Further, counsel is not needed at this time because the defendants have not yet been served and a scheduling order has not yet been entered. Thus, Sanders's motion for counsel is **DENIED**.

## Disposition

For the reasons stated above, Count 1 shall proceed against Wilson, Marshoff, Shewmake, John Doe #1, John Doe #2, and John Doe #3. Count 2 shall proceed against Wilson. DeeDee Brookhart will remain in the case in her official capacity only. DeeDee

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Brookhart (individual capacity), Fuller, Jane Doe #1, and Counselor Walts are **DISMISSED without prejudice.**

The Clerk of Court shall prepare for Defendants Wilson, Marshoff, Shewmake, and DeeDee Brookhart (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Sanders. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Sanders, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Sanders, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Sanders is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  December 19, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**